United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUZHOU LINKDOME TECHNOLOLGY, LTD.,

Plaintiff,

v.

KAMI VISION, INC., et al.,

Defendants.

Case No. 24-cv-08427-JD

**ORDER RE SUMMARY JUDGMENT**

Plaintiff Suzhou Linkdome Technology Ltd. (Linkdome) sued Kami Vision, Inc. and Sean Da (collectively, Kami Vision), for copyright infringement, fraud, breach of contract, and related claims. Dkt. No. 1. The Complaint alleges that Kami Vision agreed to acquire Linkdome for $5.5 million, and so induced Linkdome's founder, Jinjun Wang, and other employees to join Kami Vision and deliver Linkdome's software. *Id.* ¶¶ 14-28, 37-49. After Kami Vision received the software, it fired the employees and never paid Linkdome. *Id.* ¶¶ 58-65.

The record indicates that this case has been poorly handled by both sides. Among other shortcomings, Kami Vision never responded to document requests or interrogatories served by Linkdome. Dkt. No. 52-1 ¶ 4. Linkdome did not bring this to the Court's attention, or request any relief. There is no indication in the record that either party took any depositions.

A set of requests for admissions (RFAs) served by Linkdome became a particular problem. Linkdome served the RFAs on December 12, 2025, with responses due by January 14, 2026. Dkt. No. 49-6 at 1. Kami Vision did not meet that deadline or otherwise respond to the RFAs. Linkdome inquired about the RFAs on January 21, 2026. Dkt. No. 49-7 at ECF p. 3. Two months later, on March 16, 2026, Kami Vision filed a motion for relief from deemed admitted requests for admission that did not comply with the Court's Standing Order for Discovery in Civil Cases, and

the Court terminated it on April 24, 2026. Dkt. Nos. 43, 46. Two months after that, which was five months after the responses were due, after fact and expert discovery had closed under the scheduling order, and after Linkdome filed its motion for summary judgment, Kami Vision served responses to the RFAs. Dkt. No. 52-3 at ECF p. 2. Kami Vision filed a discovery letter asking that the RFAs not be deemed admitted because it had failed to respond as required by the rules. Dkt. No. 50; *see also* Fed. R. Civ. P. 36(a)(3). Kami Vision's ostensible reason for relief was its lawyer had changed firms and did not receive emails or check the ECF docket for more than three months between March and June. *Id.* at 1.

These circumstances set the stage for Linkdome's summary judgment motion, which is based mainly on the requests for admission that were deemed admitted. *See* Dkt. No. 49. Kami Vision filed an anemic response, saying again that it should be relieved from its admissions under Fed. R. Civ. P. 36(b).

It now falls to the Court to clean up the wreckage caused by two parties who were asleep at the wheel for the course of this case. Summary judgment is granted in favor of Linkdome on the claims of copyright infringement, fraud, unjust enrichment, and unfair competition, and denied in all other respects.

It is certainly true that relief may be available in the Court's discretion for failing to properly respond to RFAs. *See* Fed. R. Civ. P. 36(b). But such relief is permissive, not mandatory. *See Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007). The Court will consider the two factors set forth in Rule 36(b), namely the presentation of the merits of the action, and prejudice to the requesting party. *Id.* at 625. The Court may also "consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id.*

There is no question that some circumstances warrant relief from a default under Rule 36. A medical emergency affecting counsel or client, for example, or some similarly material explanation, will typically suffice. But a lawyer who simply didn't check his email or the ECF docket for several months in an active case, as Kami Vision says here, is a far cry from such pardonable defaults. Kami Vision's failure to respond to the RFAs was purely the product of

inexcusable attorney neglect. The neglect was compounded by the fact that the attorney ignored a follow-up inquiry by Linkdome about the RFAs, and waited for months before ever bringing the situation to the Court's attention.

It is not at all clear that excusing the default would promote the presentation of the merits. The record does not indicate that Kami Vision did much to mount a plausible defense through the development of evidence during fact discovery. The fact that it never deposed a witness is telling. Linkdome, on its part, appears to have elected to rely on the RFAs as an important part of its case, and discovery is closed. There is prejudice to Linkdome in these circumstances. *See Conlon*, 474 F.3d at 624 (finding prejudice where "the [requesting party] relied on the admissions for a total of two and a half months, through the discovery and dispositive motion cut-off dates, with no indication that Conlon intended to file a motion to withdraw his admissions").

The weakness of Kami Vision's excuses bears further discussion. Its only explanation for the delay from January through March 2026 is that "internal personnel transitions . . . disrupted calendaring processes." *See* Dkt. No. 43 at 3. This is a poor excuse, especially considering Linkdome's counsel reminded Kami Vision nearly two months earlier that the requests were past due and deemed admitted. *See* Dkt. No. 49-7 at ECF pp. 2-3.

For the additional delay from March through June 2026, Kami Vision says its lawyer changed firms and did not update his ECF email, check the docket, or otherwise keep himself informed about the case for more than three months. *See* Dkt. No. 50 at 1-2. That is also no excuse. Civil Local Rule 3-11(a) requires an attorney "whose address changes while an action is pending" to "promptly file with the Court . . .a Notice of Change of Address specifying the new address," and Civil Local Rule 5-1(c)(3) mandates that registered attorneys "keep their contact information current" via the ECF webpage. In addition, an attorney owes the client a fiduciary duty to stay informed about deadlines and other case management responsibilities irrespective of where the attorney works.

Overall, the record demonstrates that Kami Vision's default on the RFAs was the product of simple neglect. Nothing warrants relief for the effect of admitting the RFAs by ignoring them for months. Consequently, Kami Vision's request to escape the RFAs is denied.

The admissions are sufficient to prove some, but not all, of Linkdome's causes of action. Summary judgment is granted on the copyright infringement causes of action. Dkt. No. 1 ¶¶ 66-77. Copyright infringement requires Linkdome to show: (1) that it owns valid copyrights, and (2) that Kami Vision copied protected aspects of its works. *See Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc). Linkdome showed that it had registered United States copyrights for the Edge AI Camera Software Program, Registration No. TX 9-436-993, and for the Teralink AI Platform Software Program, Registration No. TX 9-436-666. Dkt. Nos. 49-4 and 49-5. The admissions established that Kami Vision used that software without license or permission. Dkt. No. 49-6 at RFA Nos. 7-12; *see MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 518 (9th Cir. 1993) (running software constitutes copying).

So too for the fraud and fraudulent inducement causes of action. Dkt. No. 1 ¶¶ 83-101. The parties do not discuss choice of law, but Linkdome cites to California cases without objection from Kami Vision, so the Court will follow suit. The elements of fraud are: "(a) misrepresentation []; (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638, 909 P.2d 981 (1996) (internal quotations omitted). The admissions and undisputed evidence established each of these elements, namely, that Kami Vision promised to purchase the assets of Linkdome so that Linkdome would deliver its copyrighted software programs, even though Kami Vision never intended to pay, and that Linkdome relied on Kami Vision's representation, resulting in damages. *See* Dkt. No. 49-6 at RFA Nos. 1-3, 5; Dkt. No. 49-3 (Wang Decl.) ¶¶ 13-18, 32, 36-37, 52-57.

Summary judgment is also granted on the unjust enrichment and unfair competition causes of action. Dkt. No. 1 ¶¶ 102-107, 124-25. Unjust enrichment has two elements: "receipt of a benefit and unjust retention of the benefit at the expense of another." *Pro. Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 238 (2018) (citation omitted); *see also Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 998 (2015) ("An individual who has been unjustly enriched at the expense of another may be required to make restitution."). The admissions and undisputed evidence again established each of these elements. Kami Vision received a benefit

United States District Court
Northern District of California

(Linkdome's software programs), and it would be unjust for it to retain that benefit because it was acquired through fraud. *See* Dkt. No. 49-6 at RFA Nos. 1-3, 5, 7, 8; *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004) ("[R]estitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct."). That fraudulent conduct also shows violation of the Unfair Competition Law, which explicitly proscribes "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §§ 17200, 17203.

Linkdome's summary judgment motion is otherwise denied. Linkdome did not make a sufficient showing of the amount of damages or the appropriateness of other remedies. Damages will be resolved by a jury at trial.

As a closing observation, this is the parties' case, not the Court's. Counsel and parties on both sides have fallen well below the standards expected of litigants in federal court. Further shortfalls will result in sanctions, including without limitation monetary sanctions, issue or claim preclusion, and professional conduct sanctions. The parties were previously directed to complete mandatory private mediation by January 2026. Dkt. No. 42. They are directed to file a joint statement by August 13, 2026 about the status of mediation and settlement.

**IT IS SO ORDERED.**

Dated: July 23, 2026

JAMES DONATO
United States District Judge